IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-31380
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GLENN WAYNE KELLY,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 01-CR-50061-ALL
--------------------
May 2, 2002

Before DAVIS, BENAVIDES and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Glenn Wayne Kelly appeals from his sentence following his guilty plea conviction for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Kelly challenges the district court's four-point increase in the total offense level for possession of a firearm "in connection with another felony" pursuant to U.S.S.G. § 2K2.1(b)(5). Kelly argues that

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the Government did not establish that he possessed a firearm in connection with a felony offense as required by § 2K2.1(b)(5).

The district court's application of the § 2K2.1(b)(5) enhancement will be upheld unless it is implausible in light of the record as a whole. See United States v. Condren, 18 F.3d 1190, 1199 (5th Cir. 1994). The Government was required to show only that the gun was available to Kelly and that the weapon could have been used to facilitate the other crime. Condren, 18 F.3d at 1197-1200; United States v. Armstead, 114 F.3d 504, 511-512 (5th Cir. 1997). We have reviewed the record and conclude that the district court did not err in applying § 2K2.1(b)(5). Kelly's sentence is therefore AFFIRMED.